IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(KANSAS CITY DOCKET)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 11-20053-01/02/03-KHV-JPO |
| ) | |
| JEFFREY M. BELL, ) | |
| ) | |
| DARRYL M. FORREST, and ) | |
| ) | |
| DUSTIN SILLINGS, ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

The Grand Jury charges that:

### INTRODUCTION

1. At all times relevant to this indictment:

    a. The Kansas City, Kansas Police Department (hereinafter referred to as KCKPD) was a duly constituted police agency providing law enforcement services in Kansas City, Kansas.

    b. **JEFFREY M. BELL** was employed as a police officer with the KCKPD. As an officer, **BELL** was authorized by Kansas law to make arrests and conduct searches and seizures.

    c. **DARRYL M. FORREST** was employed as a police officer with the KCKPD. As an officer, **FORREST** was authorized by Kansas law to make arrests and conduct searches and seizures.

1

      d.     **DUSTIN SILLINGS** was employed as a police officer with the KCKPD.  As an officer, **SILLINGS** was authorized by Kansas law to make arrests and conduct searches and seizures.

      e.     **BELL**, **FORREST**, and **SILLINGS** were assigned to the KCKPD Selective Crime Occurrence Reduction Enforcement Unit (hereinafter referred to as the SCORE Unit).

      f.     The SCORE Unit operated as a special weapons and tactics unit and also served search warrants in Wyandotte County, Kansas.

      g.     Tawana L. Webster was a resident of Kansas City, Kansas.

## COUNT ONE

2.     Paragraph 1 is incorporated as though fully set out herein.

3.     Beginning in or about January 2010, and continuing until on or about January 4, 2011, in the District of Kansas, the defendants,

**JEFFREY M. BELL**,
**DARRYL M. FORREST**, and
**DUSTIN SILLINGS**,

while acting under color of law, did willfully conspire and agree with each other and with other persons known and unknown to the grand jury, to injure, oppress, threaten, and intimidate Tawana L. Webster and other unknown persons in their free exercise and enjoyment of rights secured to them by the Constitution and laws of the United States, that is, the right to be free from unreasonable searches and seizures and not to be deprived of property without due process of law by one acting under color of law.

## OBJECT OF THE CONSPIRACY

4. It was an object of the conspiracy that **BELL**, **FORREST**, and **SILLINGS** would seize and steal sums of cash and personal property from Tawana L. Webster and unknown persons while executing search warrants under color of law in Wyandotte County, Kansas.

## MANNER AND MEANS OF THE CONSPIRACY

5. It was part of the conspiracy that **BELL**, **FORREST**, and **SILLINGS** agreed to use their status as sworn law enforcement officers and the incidents of their authority as sworn KCKPD police officers, including their SCORE Unit uniforms, weapons, equipment, and official badges to carry out the object of the conspiracy.

6. It was further part of the conspiracy that **BELL**, **FORREST**, and **SILLINGS** entered into a scheme to seize and steal sums of cash and personal property while executing search warrants as members of the SCORE Unit.

7. It was further part of the conspiracy that **BELL**, **FORREST**, and **SILLINGS** by entering into and participating in this scheme, intentionally deprived Tawana L. Webster and unknown persons of rights and privileges secured by the Constitution and the laws of the United States.

## OVERT ACTS

8. In furtherance of the conspiracy, and to accomplish the objects thereof, the following overt acts, among others, were performed in the District of Kansas by **BELL**, **FORREST**, and **SILLINGS**:

   a. On or about July 7, 2010, during the execution of a search warrant at

Tawana L. Webster's residence located at XXXX Haskell, Kansas City, Kansas, **BELL** stole a PlayStation Portable belonging to Tawana L. Webster.

  b. On or about July 7, 2010, during the execution of an search warrant at Tawana L. Webster's residence located at XXXX Haskell, Kansas City, Kansas, **FORREST** stole a FLIP Camcorder belonging to Tawana L. Webster.

  c. Beginning in or about January 2010, and continuing until on or about January 4, 2011, during the execution of three separate search warrants at residences located in Wyandotte County, Kansas, **BELL** stole at least three PlayStation video games belonging to unknown persons.

  d. Beginning in or about January 2010, and continuing until on or about January 4, 2011, during the execution of five separate search warrants at residences located in Wyandotte County, Kansas, **SILLINGS** stole at least six PlayStation video games belonging to unknown persons.

  e. On or about January 4, 2011, during the execution of an apparent "search warrant" at a residence located at 730 Everrett, Kansas City, Kansas, **BELL** stole one red Nintendo DS game player, one "Golden Sun" Nintendo DS game, and one computer docking cord belonging to the Federal Bureau of Investigation (hereinafter referred to as FBI).

  f. On or about January 4, 2011, during the execution of an apparent "search warrant" at a residence located at 730 Everrett, Kansas City, Kansas, **FORREST** stole one "Transformers Decepticons" Nintendo DS game, one Nintendo DS "Golden Sun" game case, and one Apple iPod Touch with headphones and belonging to the FBI.

g. On or about January 4, 2011, during the execution of an apparent "search warrant" at a residence located at 730 Everrett, Kansas City, Kansas, **FORREST** stole $300.00 in U.S. currency belonging to the FBI.

h. On or about January 4, 2011, during the execution of an apparent "search warrant" at a residence located at 730 Everrett, Kansas City, Kansas, **SILLINGS** stole $340.00 in U.S. currency belonging to the FBI.

9. As additional overt acts, the Grand Jury incorporates by this reference the allegations set forth in Counts 2 through 5 of the indictment as though fully set forth at this point.

10. This was all in violation of Title 18, United States Code, Section 241.

## COUNT TWO

11. The allegations of paragraphs 1 through 10 above are repeated and realleged as though fully set forth therein.

12. On or about July 7, 2010, in the District of Kansas, the defendants,

**JEFFREY M. BELL** and
**DARRYL M. FORREST**,

aiding and abetting each other, acting under color of law, did wilfully deprive Tawana L. Webster of rights and privileges secured and protected by the Constitution and laws of the United States, to wit: during the execution of a search warrant at XXXX Haskell, Kansas City, Kansas, the defendants stole a PlayStation Portable and a FLIP Camcorder belonging to Tawana L. Webster, thereby depriving her of the right to be free from unreasonable searches and seizures and not to be deprived of property without due process of law by one acting under color of law.

13.     This was all in violation of Title 18, United States Code, Sections 242 and 2.

## COUNT THREE

14.     On or about January 4, 2011, in the District of Kansas, the defendant,

**DARRYL M. FORREST**,

wilfully and knowingly stole and converted to his own use money and property of the United States, to wit: $300.00 in U.S. currency and one "Transformers Decepticons" Nintendo DS game, one Nintendo DS "Golden Sun" game case, and one Apple iPod Touch with headphones.

15.     This was all in violation of Title 18, United States Code, Sections 641 and 2.

## COUNT FOUR

16.     On or about January 4, 2011, in the District of Kansas, the defendant,

**DUSTIN SILLINGS**,

wilfully and knowingly stole and converted to his own use money of the United States, to wit: $340.00 in U.S. currency.

17.     This was all in violation of Title 18, United States Code, Sections 641 and 2.

## COUNT FIVE

18.     On or about January 4, 2011, in the District of Kansas, the defendant,

**JEFFREY M. BELL**,

wilfully and knowingly stole and converted to his own use property of the United States, to-wit: one red Nintendo DS game player, one "Golden Sun" Nintendo DS game, and

Case 2:11-cr-20053-JWL   Document 1   Filed 07/13/11   Page 7 of 8

one computer docking cord.

     19.    This was all in violation of Title 18, United States Code, Sections 641 and 2.

A TRUE BILL.

Dated:   July 13, 2011                              s/ Foreperson

                                                                   FOREPERSON

s/ Tristram W. Hunt, AUSA, 18196, for:
BARRY R. GRISSOM
United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Tel. 913-551-6730
Fax. 913-551-6541
barry.grissom@usdoj.gov
Ks. S. Ct. No. 10866

(It is requested that trial of the above captioned case be held in Kansas City, Kansas.)

## **PENALTIES**

**Count 1:**   **Conspiracy against rights-18 U.S.C. § 241.**

- NMT 10 years imprisonment;
- NMT $ 250,000 fine;
- NMT 3 years supervised release;
- $100 special assessment fee.

**Count 2:**   **Deprivation of rights under color of law-18 U.S.C. §§ 242 and 2.**

- NMT 1 year imprisonment;
- NMT $ 100,000 fine;
- NMT 1 year supervised release;
- $25 special assessment fee.

**Counts 3-5: Theft of government property-18 U.S.C. §§ 641 and 2.**

- NMT 1 year imprisonment;
- NMT $100,000 fine;
- NMT 1 year supervised release;
- $25 special assessment fee.